# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

JAVIER DAVILA,                              )
                                           )
      Plaintiff,                    )
                                           )
v.                                          )        CV425-109
                                           )
FRANK BISIGNANO,                           )
Commissioner of Social Security,            )
                                           )
      Defendant.                    )

## REPORT AND RECOMMENDATION

Plaintiff Javier Davila seeks attorney's fees under the Equal Access to Justice Act.  Doc. 24.  The Defendant does not oppose the motion.  *Id.* at 1.  For the reasons set forth below, it is **RECOMMENDED**[1] that Plaintiff's motion be **GRANTED**.  Doc. 24.

## I.   BACKGROUND

At the Defendant's request, doc. 21, Court reversed the Commissioner's final decision and remanded this case to the Social Security Administration for further proceedings.  *See* doc. 22 (Order);

---

[1] The Federal Rules of Civil Procedure establish that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter."  Fed. R. Civ. P. 54(d)(2)(D).  When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition."  Fed. R. Civ. P. 72(b)(1).

1

doc. 23 (Judgment).  Plaintiff then filed the instant motion requesting $14,000.00 in attorney's fees and reimbursement of the $405 filing fee. Doc. 24-3 at 4.

## II.    ANALYSIS

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'"  *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)).  A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party."  *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment. *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993).  Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable.  *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party, *see* doc. 22, and her request is timely, *see* doc. 23 (Judgment entered December 8, 2025); doc. 24

(Motion filed January 7, 2026). The Commissioner does not oppose Plaintiff's contention that the Agency's position was not substantially justified. *See* doc. 24 at 1; *see also Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987) ("The government bears the burden of showing that its position was substantially justified."). The Court should find that Plaintiff is entitled to an award pursuant to the EAJA.

The Court should also find that the requested fees are reasonable. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quotation marks and citations omitted). Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

First, the number of hours expended on this case by Plaintiff's counsel appears reasonable. Counsel spent 61.10 hours working on Plaintiff's case. *See* doc. 24-4. The transcript in this case totaled 7,387 pages, *see* doc. 9-1, and counsel distilled that record down into a persuasive brief addressing four issues, doc. 14. The Defendant ultimately requested the matter be remanded for the Agency for an Administrative Law Judge to issue a new decision. Doc. 21. The Court should find that the time spent, as documented in counsel's billing ledger, was reasonable. *See* doc. 24-4.

Plaintiff's lawyers seek fees at an hourly rate of $257.83, which is the hourly rate calculated by applying the Consumer Price Index cost-of-living increase for each year to the statutory limit of $125. *See* doc. 24-3 at 3-4. A cost-of-living increase is specifically mentioned in the EAJA as a factor justifying a higher hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). The Court should approve counsels' proposed attorney hourly rates as reasonable.

Applying the hourly rate to the total amount of reasonable hours expend would equal a fee award of $15,753.41. Doc. 24-3 at 4. However, adding to the reasonableness of the request, counsel has

agreed to reduce the requested award to $14,000. The Court should approve this request and award Plaintiff[2] $14,000.00 in attorney's fees.

Plaintiff also seeks reimbursement of filing costs of $405.00. Doc. 24-3 at 4; *see also* doc. 1 (noting filing fee of $405.00). Costs under the EAJA, "including fees of the clerk, are reimbursed from the judgment fund administered by the Department of the Treasury, while attorney fees and expenses are paid by the Social Security Administration." *Rosenthal v. Kijakazi*, 2021 WL 4066820, at *1 (M.D. Fla. Aug. 17, 2021), *report and recommendation adopted*, 2021 WL 4060304 (M.D. Fla. Sep. 7, 2021); *see also Perry v. Comm'r of Soc. Sec.*, 2020 WL 4193515, at *2 (M.D. Fla. July 21, 2020) (finding that the plaintiff's filing fee was a compensable cost under the EAJA). Thus, the $405

---

[2] Plaintiff's motion indicates that Plaintiff has assigned payment of EAJA fees to his counsel. Doc. 24-3 at 4; *see also* doc. 24-5 (Assignment). In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). The Court should award the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leave it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Bostic*, 858 F. Supp. 2d at 1306; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

filing fee is recoverable under the EAJA as a cost to be paid from the judgment fund. *See* 31 U.S.C. § 1304.

## III.  CONCLUSION

For the foregoing reasons, the Court should **GRANT** Plaintiff's Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act.  Doc. 24.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.,*

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

    **SO REPORTED AND RECOMMENDED**, this 11th day of June, 2026.

                    _____
                    CHRISTOPHER L. RAY
                    UNITED STATES MAGISTRATE JUDGE
                    SOUTHERN DISTRICT OF GEORGIA